UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-80148-SINGHAL/MATTHEWMAN

MEASURED WEALTH PRIVATE
CLIENT GROUP, LLC, a New
Hampshire limited liability company,

    Plaintiff,

vs.

LEE ANNE FOSTER, an individual, *et al.*,

    Defendants.
_____/

FILED BY____KJZ____D.C.

Jan 29, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FORENSIC EXAMINATION [DE 124]

**THIS CAUSE** is before the Court upon Plaintiff, Measured Wealth Private Client Group, LLC's ("Plaintiff") Motion to Compel Forensic Examination ("Motion") [DE 124]. The Motion was referred to the undersigned by the Honorable Raag Singhal, United States District Judge. *See* DE 34. Defendant, Richard Kesner ("Defendant"), has filed a response [DE 130], and Plaintiff has filed a reply [DEs 141, 142]. The Court held a hearing on the Motion via Zoom video teleconference on January 28, 2021 and took the Motion under advisement. This Order now follows.

The discovery issue currently pending before the Court is whether Plaintiff should be permitted to conduct a forensic examination of Defendant Richard Kesner's mobile phone to recover text messages and iMessages from the period of April 1, 2019 through July 31, 2019, that are relevant to this case. In response, Defendant asserts that he has produced all responsive text

1

messages and iMessages in his possession, custody, or control and that Plaintiff's request for a forensic examination of Kesner's mobile phone for an entire four-month period is a mere fishing expedition. Defendant is concerned that the examination could uncover personal and private information unrelated to Plaintiff's claims.

The Court has carefully considered the relevant law, Plaintiff's Motion [DE 124], Defendant's response [DE 130], Plaintiff's reply [DE 141], the sealed materials filed by Plaintiff [DE 142], and the arguments of counsel for both parties at the hearing, as well the entire docket in this case. The Court makes the following findings.

First, Defendant's text messages and iMessages for the period of April 1, 2019 through July 31, 2019, are clearly relevant and proportional to the claims and defenses in this case, per Fed.R.Civ.P. 26(b)(1).

Second, Defendant's counsel admitted that this client had deleted various relevant text messages, but Defendant cannot be certain of the dates of deletion. Those deleted text messages may remain on Defendant's phone, which is the same phone Defendant possessed and utilized back in 2019 during the relevant time period. The Court wants to put an end to this discovery dispute and finds that a forensic examination, with necessary safeguards to protect Defendant's privacy, is the best way to accomplish that task.

Third, Defendant appears to have been somewhat haphazard and incomplete with regard to his production of text messages and iMessages during the discovery process. Based on the facts and arguments presented to the Court, the Court is concerned that not all text messages or iMessages sought by Plaintiff have been produced by Defendant. The Court wants to ensure that all relevant and proportional discovery is produced in this case. All parties and their counsel in this

case, including Defendant Kesner, must ensure that all relevant and proportional e-discovery sought has been appropriately preserved, searched for, and produced. Serious sanctions can issue if e-discovery preservation, search, or production is inadequate. *See, e.g.*, *DR Distributors, LLC*, No. 12 CV 50324, 2021 WL 185082, at *2 (N.D. Ill. Jan. 19, 2021).

Fourth, it is clear that from the factual record and the arguments of counsel that Defendant has not produced all of the text messages and iMessages from the relevant time period and that some of the messages that have been produced were provided to Plaintiff in an incomplete or suspect manner. A forensic examination will ensure that all such messages, to the extent they exist on Defendant's phone, are located and produced.

Fifth, in light of the sealed filings, the Court finds that Plaintiff is not engaging in an improper fishing expedition in seeking the text messages and iMessages. Rather, Plaintiff has made a legitimate discovery request based on the production that Defendant has completed to date.

The Court wants to ensure complete production of all relevant requested documents in this case while concomitantly protecting Defendant's privacy as to the personal matters on his phone. Because Plaintiff has made a strong showing that additional relevant text messages and iMessages may be recovered from Defendant's phone, forensic examination is appropriate in this case. *See Barton & Assocs., Inc. v. Liska*, No. 9:19-CV-81023, 2020 WL 8299750, at *1 (S.D. Fla. May 11, 2020) (finding that, because a defendant had failed to produce copies of any text messages during the non-compete period and had failed to preserve his phone, a forensic examination was warranted); *Health Mgmt. Assocs., Inc. v. Salyer*, No. 14-14337-CIV, 2015 WL 12778793, at *1 (S.D. Fla. Aug. 19, 2015) (finding that the plaintiff had made a sufficient demonstration of need for forensic examination when the devices at issue were likely to contain information relevant to

3

the litigation and the defendant had failed to cooperate in discovery); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012) (finding a forensic examination to be warranted when the plaintiffs were either unwilling or unable to conduct a search of their computer systems for documents responsive to the defendant's discovery requests.). Plaintiff has made a sufficient showing of need for the messages. Further, the Court is concerned that Defendant's search of his phone, especially in light of the admitted deletions, was inadequate.

At this point, the Court will limit the forensic examination and search to text messages and iMessages on Defendant's phone from the time period of April 1, 2019, through July 31, 2019, as requested in Plaintiff's Motion. Once that examination and production has been completed, and if Plaintiff has a good-faith basis to do so, it may file an additional motion to compel a forensic examination for messages from August 2019[1] or any other time period, if appropriate. Finally, the Court will utilize the protocols from the *Wynmoor* case, modified as necessary, in order to ensure protection of Defendant's privacy.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel Forensic Examination [DE 124] is **GRANTED**.
2. Defendant, Richard Kesner, shall submit his cellular phone that he used during the period between April 1, 2019 and July 31, 2019, for an independent forensic examination subject to the protocols described herein.
3. An independent expert shall be appointed by the Court and shall mirror image and/or acquire all data present on Richard Kesner's cell phone (to the extent it is possible, the

---

[1] It must be noted that Plaintiff only requested the messages from April 1, 2019, through July 31, 2019, in its discovery request and in the Motion. Plaintiff sought messages from August 2019 for the first time in its reply and at the hearing.

    independent expert shall conduct his or examination in a manner that minimizes the disruption to Richard Kesner).

4. The parties shall meet and confer regarding their designation of an independent forensic computer expert within seven (7) calendar days of the entry of this Order. The parties shall promptly notify the Court if they agree on an expert. If the parties cannot agree on the selection of an expert, each party shall submit its recommendation to the Court, and the Court will select the expert.

5. The appointed expert shall serve as an Officer of the Court. Thus, to the extent that this computer expert has direct or indirect access to information protected by attorney-client privilege, such disclosure will not result in any waiver of any party's attorney-client privilege.

6. The independent expert shall sign a confidential undertaking statement pursuant to the Court's Agreed Confidentiality and Protective Order [DE 51]. Additionally, the expert shall be allowed to hire other outside support, if necessary, in order to mirror image or acquire all data on Richard Kesner's cell phone. Any outside support shall also be required to sign a confidential undertaking statement.

7. The expert shall mirror image Richard Kesner's cell phone. If it is not feasible to create a mirror image of Richard Kesner's cell phone data because of device security measures, the expert shall acquire as much data as possible from the device to allow the expert to recover text messages and iMessages.

8. The parties are to confer within ten (10) days of the date of this Order in an attempt to agree on search terms. If the parties cannot agree, each party shall submit its

recommendation to the Court, and the Court will select the search terms. The Court will only determine search terms as a last resort since the parties have more detailed knowledge of the case. The parties' counsel should confer with the expert to the extent possible to arrive at reasonable and necessary search terms. This should be a collaborative effort among counsel and the expert with the goal being to locate and produce all relevant text messages and iMessages from Defendant's phone during the time period at issue. The search terms should not be so broad as to elicit "junk" discovery and should not be so narrow as to exclude relevant discovery. The parties will provide the search terms ultimately agreed upon or ordered by the Court to the independent expert. The goal here is to only elicit text messages and iMessages from Defendant's cell phone which are relevant to the claims and defenses in this case. The Court expects and requires the parties and their counsel to confer and cooperate in this procedure.

9. Once the expert has mirror imaged or otherwise acquired the data from Richard Kesner's cell phone, the expert shall search the mirror image or acquired data using the search terms. The results of the search terms and an electronic copy of all responsive documents shall be provided to Richard Kesner's counsel.

10. Richard Kesner's counsel shall review the search results provided by the independent expert and identify all documents to which he objects to disclosing to Plaintiff. Richard Kesner shall produce all non-privileged responsive documents to Plaintiff and identify those responsive documents not produced on a privilege log to the Plaintiff within ten (10) days of the date that Richard Kesner receives the search results from the

independent expert. Any privilege log produced shall comply strictly with the Local Rules for the Southern District of Florida. If Defendant is in doubt whether or not a certain message should be produced, he can seek leave to submit it to the Court for *in camera* review.

11. Plaintiff shall pay for all fees and costs of hiring the independent expert at this time. However, the Court will determine at a later date whether costs and expenses should be apportioned or otherwise paid by Defendant. For example, if the data recovered from Richard Kesner's phones contains data or documents responsive to Plaintiff's prior requests for production which Richard Kesner reasonably could have provided in the regular course of discovery without a forensic examination, the Court will revisit this issue of costs and consider charging Richard Kesner for the fees and costs of the independent expert or imposing the fees and costs on the parties in a duly appropriate apportioned manner.

12. The independent expert shall provide a signed affidavit detailing the steps he or she took to mirror image or acquire data from Richard Kesner's phone and search the data for the search terms within five (5) days of providing Richard Kesner with the results of the search for search terms.

13. The Court reserves jurisdiction to review *in camera* any documents that are subject to dispute between the parties.

14. From the date of this Order through the completion of the search, Richard Kesner is required to maintain the phone at issue and shall not delete any texts or iMessages.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 29th day of January, 2021.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge