UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-80148-SINGHAL/MATTHEWMAN

MEASURED WEALTH PRIVATE
CLIENT GROUP, LLC, a New
Hampshire limited liability company,

    Plaintiff,

vs.

LEE ANNE FOSTER, an individual, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION
## TO COMPEL FORENSIC EXAMINATION [DE 154]

**THIS CAUSE** is before the Court upon Plaintiff, Measured Wealth Private Client Group, LLC's ("Plaintiff") Motion to Compel Forensic Examination of Defendant Lee Anne Foster's Mobile Phone ("Motion") [DE 154 [1]]. The Motion was referred to the undersigned by the Honorable Raag Singhal, United States District Judge. *See* DE 34. Defendant, Lee Anne Foster ("Defendant"), has filed a response [DE 156], and Plaintiff has filed a reply [DE 162[2]]. The Court held a hearing on the Motion via Zoom video teleconference on March 16, 2021 and took the Motion under advisement. The Court also entered an Interim Order [DE 172] requiring the parties to further confer and file a Joint Notice. The Joint Notice filed on March 24, 2021 [DE 173] states that the parties were unable to reach any agreement. This Order now follows.

---

[1] The sealed exhibits to the Motion are at DE 155.
[2] The sealed exhibits to the reply are at DE 163.

The discovery issue currently pending before the Court is whether Plaintiff should be permitted to conduct a forensic examination of Defendant Lee Anne Foster's mobile phone to recover certain text messages and iMessages from the period of January 1, 2019 through December 31, 2019. In response, Defendant asserts that the temporal scope is too broad and would result in the production of irrelevant text messages and iMessages, that the discovery sought could be obtained from other individuals, and that Plaintiff's request for a forensic examination of her mobile phone for such a long time period is a mere fishing expedition. Defendant is concerned that the examination could uncover personal and private information unrelated to Plaintiff's claims.

The Court has carefully considered the relevant law, Plaintiff's Motion [DE 154], Defendant's response [DE 156], Plaintiff's reply [DE 162], the sealed materials filed by Plaintiff [DEs 155, 163], and the arguments of counsel for both parties at the hearing, as well the entire docket in this case. The Court makes the following findings.

First, despite Defendant's argument to the contrary, Plaintiff has properly propounded written discovery requests seeking certain text messages and iMessages from the time period of January 1, 2019 through December 31, 2019.[3] Additionally, the Court provided the parties with the opportunity to confer about the most recent requests for production propounded by Plaintiff and waited until the responses to the most recent requests for production were due before issuing this Order.

Second, text messages and iMessages responsive to Plaintiff's discovery requests from the

---

[3] This is a different situation from when the Court ordered a forensic examination of Defendant Richard Kesner's cell phone because Plaintiff had not propounded discovery requests upon him outside of the April-July 2019 time period. Or, if Plaintiff had served discovery requests seeking text messages and iMessages for all of 2019, Plaintiff's counsel failed to make that argument at the discovery hearing.

period of January 1, 2019 through December 31, 2019, are relevant and proportional to the claims and defenses in this case, per Fed.R.Civ.P. 26(b)(1).

Third, Defendant currently possesses the same phone she possessed and utilized back in 2019 during the relevant time period. The Court wants to put an end to this discovery dispute and finds that a forensic examination, with necessary safeguards to protect Defendant's privacy, is the best way to accomplish that task.

Fourth, Defendant appears to have been obstructionist with regard to her production of text messages and iMessages during the discovery process. Based on the facts and arguments presented to the Court, it seems that Defendant agreed to produce certain text messages and iMessages at one time and then failed to do so. At this point, she has produced none of the text messages or iMessages sought by Plaintiff. The Court wants to ensure that all relevant and proportional discovery is produced in this case. All parties and their counsel in this case, including Defendant, must ensure that all relevant and proportional e-discovery sought has been appropriately preserved, searched for, and produced. Serious sanctions can issue if e-discovery preservation, search, or production is inadequate. *See, e.g.*, *DR Distributors, LLC*, No. 12 CV 50324, 2021 WL 185082, at *2 (N.D. Ill. Jan. 19, 2021).

Fifth, in light of the sealed filings, the Court finds that Plaintiff is not engaging in an improper fishing expedition in seeking the text messages and iMessages. Rather, Plaintiff has made a legitimate discovery request based on the production that Defendant has completed to date.

The Court wants to ensure complete production of all relevant requested documents in this case while concomitantly protecting Defendant's privacy as to the personal matters on her phone. Because Plaintiff has made a strong showing that additional relevant text messages and iMessages

3

may be recovered from Defendant's phone, forensic examination is appropriate in this case. *See Barton & Assocs., Inc. v. Liska*, No. 9:19-CV-81023, 2020 WL 8299750, at *1 (S.D. Fla. May 11, 2020) (finding that, because a defendant had failed to produce copies of any text messages during the non-compete period and had failed to preserve his phone, a forensic examination was warranted); *Health Mgmt. Assocs., Inc. v. Salyer*, No. 14-14337-CIV, 2015 WL 12778793, at *1 (S.D. Fla. Aug. 19, 2015) (finding that the plaintiff had made a sufficient demonstration of need for forensic examination when the devices at issue were likely to contain information relevant to the litigation and the defendant had failed to cooperate in discovery); *Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp.*, 280 F.R.D. 681, 687 (S.D. Fla. 2012) (finding a forensic examination to be warranted when the plaintiffs were either unwilling or unable to conduct a search of their computer systems for documents responsive to the defendant's discovery requests). Plaintiff has made a sufficient showing of need for the messages.[4] Further, the Court is concerned that Defendant's search of her phone was inadequate. The Court will utilize the protocols from the *Wynmoor* case, modified as necessary, in order to ensure protection of Defendant's privacy.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel Forensic Examination [DE 154] is **GRANTED**.
2. Defendant shall submit the cellular phone that she used during the period between January 1, 2019 and December 31, 2019, for an independent forensic examination subject to the protocols described herein.

---

[4] The Court rejects Defendant's argument that Plaintiff can obtain the text messages and iMessages at issue from other individuals. Defendant is a party in this case and former Measured Wealth clients are not. Moreover, it is much more efficient for Plaintiff to conduct a forensic examination than to subpoena multiple non-parties.

3. An independent expert shall be appointed by the Court and shall mirror image and/or acquire all data present on Defendant's cell phone (to the extent it is possible, the independent expert shall conduct his or her examination in a manner that minimizes the disruption to Defendant).

4. The parties shall meet and confer regarding their designation of an independent forensic computer expert within seven (7) calendar days of the entry of this Order. The parties shall promptly notify the Court if they agree on an expert. If the parties cannot agree on the selection of an expert, each party shall submit its recommendation to the Court, and the Court will select the expert.

5. The appointed expert shall serve as an Officer of the Court. Thus, to the extent that this computer expert has direct or indirect access to information protected by attorney-client privilege, such disclosure will not result in any waiver of any party's attorney-client privilege.

6. The independent expert shall sign a confidential undertaking statement pursuant to the Court's Agreed Confidentiality and Protective Order [DE 51]. Additionally, the expert shall be allowed to hire other outside support, if necessary, in order to mirror image or acquire all data on Defendant's cell phone. Any outside support shall also be required to sign a confidential undertaking statement.

7. The expert shall mirror image Defendant's cell phone. If it is not feasible to create a mirror image of Defendant's cell phone data because of device security measures, the expert shall acquire as much data as possible from the device to allow the expert to recover text messages and iMessages.

8. The parties are to confer within ten (10) days of the date of this Order in an attempt to agree on search terms. If the parties cannot agree, each party shall submit its recommendation to the Court, and the Court will select the search terms. The Court will only determine search terms as a last resort since the parties have more detailed knowledge of the case. The parties' counsel should confer with the expert to the extent possible to arrive at reasonable and necessary search terms. This should be a collaborative effort among counsel and the expert with the goal being able to locate and produce all relevant text messages and iMessages from Defendant's phone during the time period at issue. The search terms should not be so broad as to elicit "junk" discovery and should not be so narrow as to exclude relevant discovery. The parties will provide the search terms ultimately agreed upon or ordered by the Court to the independent expert. The goal here is to only elicit text messages and iMessages from Defendant's cell phone which are relevant to the claims and defenses in this case. The Court expects and requires the parties and their counsel to confer and cooperate in this procedure.

9. Once the expert has mirror imaged or otherwise acquired the data from Defendant's cell phone, the expert shall search the mirror image or acquired data using the search terms. The results of the search terms and an electronic copy of all responsive documents shall be provided to Defendant's counsel.

10. Defendant's counsel shall review the search results provided by the independent expert and identify all documents to which she objects to disclosing to Plaintiff. Defendant shall produce all non-privileged responsive documents to Plaintiff and identify those

responsive documents not produced on a privilege log to the Plaintiff within ten (10) days of the date that Defendant receives the search results from the independent expert. Any privilege log produced shall comply strictly with the Local Rules for the Southern District of Florida. If Defendant is in doubt whether or not a certain message should be produced, she can seek leave to submit it to the Court for *in camera* review.

11. Plaintiff shall pay for all fees and costs of hiring the independent expert at this time. However, the Court will determine at a later date whether costs and expenses should be apportioned or otherwise paid by Defendant. For example, if the data recovered from Defendant's phones contains data or documents responsive to Plaintiff's prior requests for production which Defendant reasonably could have provided in the regular course of discovery without a forensic examination, the Court will revisit this issue of costs and consider charging Defendant for the fees and costs of the independent expert or imposing the fees and costs on the parties in a duly appropriate and apportioned manner.

12. The independent expert shall provide a signed affidavit detailing the steps he or she took to mirror image or acquire data from Defendant's phone and search the data for the search terms within five (5) days of providing Defendant with the results of the search for search terms.

13. The Court reserves jurisdiction to review *in camera* any documents that are subject to dispute between the parties.

14. From the date of this Order through the completion of the search, Defendant is required to maintain the phone at issue and shall not delete any texts or iMessages.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 31st day of March, 2021.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge